Jocelyn Dayao ONTIMARE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72351.

Agency No. A75–261–240.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2004.[*]

Decided March 18, 2004.

Stephen Shaiken, Esq., Law Offices aOf Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Papu Sandhu, Terri Leon–Benner, Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Jocelyn Dayao Ontimare, a native and citizen on the Philippines, petitions this court for review of the summary affirmance by the Board of Immigration Appeals of an immigration judge's denial of her applications for asylum and withholding of removal. We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

The IJ's decision is supported by substantial evidence. The harm suffered by Ontimare was not sufficient to constitute past persecution within the meaning of immigration law. Being subjected to a work dress code—the only harm that arguably has a governmental nexus—does not qualify as persecution. Because she did not suffer past persecution, she is not entitled to a presumption of a well-founded fear of future persecution under 8 C.F.R. § 208.13(b)(1). The record supports the IJ's determination that Ontimare's testimony and the background materials she submitted did not demonstrate a reasonable possibility that her life or freedom would be threatened by a return to the Philippines. Because Ontimare has failed to establish eligibility for asylum, she has failed to meet the "more stringent" standard for withholding of removal. *Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir. 2001).

Ontimare's due process challenge to the BIA's summary affirmance is foreclosed by

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

PETITION DENIED.